**L. L. RICHARD, Margaret K. Richard, Ida Ruth Richard, John F. Whitmore, R. E. Richard, Kenyon E. Richard, T/A Richard Company, a Copartnership,**

v.

**UNITED STATES.**

**No. 298–57.**

United States Court of Claims.

Jan. 18, 1961.

Newell A. Clapp, Washington, D. C., for plaintiffs. Erling H. Kloster, Visalia, Cal. and Robert M. Lichtman, Washington, D. C., were on the briefs.

Howard O. Sigmond, Washington, D. C., with whom was Asst. Atty. Gen., Perry W. Morton, for defendant.

WHITAKER, Judge.

In our opinion delivered on October 5, 1960, we held that defendant had taken a seepage easement under the north 35 acres of plaintiffs' property and that plaintiffs were entitled to recover therefor, but we held that there was to be offset against the difference in value before and after the taking the increase in value of plaintiffs' lands due to the construction of the Friant-Kern Canal. It has now been called to our attention that previously the defendant condemned 9 acres on the south end of the same

tract, and that, in awarding compensation therefor, the court was required by statute [1] to offset against the amount awarded the benefit to the remainder resulting from the construction of the improvement necessitating the condemnation. It is to be presumed, of course, that the court did what the statute required it to do. This being true, plaintiffs correctly say that since the benefit to the property from the construction of the canal has already been offset against the amount to which plaintiffs were entitled for the taking of the 9 acres, it should not be offset again.

■ Plaintiffs also vigorously complain that we directed the Trial Commissioner to take testimony on the profit realized by plaintiffs since 1955 from the sale of oranges gathered from trees in the orchard which had not been destroyed, since we held that the excess of such profit over the amount of profit which plaintiffs could have reasonably expected to realize from the sale of row crops should be deducted from the amount plaintiffs were entitled to recover.

This was an unscientific way of determining what we then thought and still think is the correct amount plaintiffs are entitled to recover. We recognize, however, the force of plaintiffs' argument that, since we held that the taking occurred in 1955, whatever may have happened thereafter is irrelevant in determining the matter of just compensation.

However, it is more than just compensation to award plaintiffs the difference in value of the lands as an orange grove and their value as bare lands and allow plaintiffs to continue to realize the profit derived from the sale of oranges from those trees that had not been destroyed at the time of the taking of the easement, because as long as such profits are realized from a portion of the orange grove, its value is greater than it would have been as bare lands.

In order to accomplish what we think is the correct result, scientifically, the case is remanded to the Trial Commissioner for the purpose of taking testimony to show the value after the taking of that portion of the orange grove in which the trees had been destroyed in 1955 and that portion of the orange grove in which the trees had not been destroyed in 1955.

We are unable to follow plaintiffs' argument that the lemon grove was necessarily destroyed as a result of the destruction of the orange grove. Only one witness gave testimony to this effect. It seems to us completely illogical. It is said that the lemon grove was a losing enterprise before the canal was constructed and yet the testimony shows that it had a value of $2,200 an acre before the construction of the canal. This $2,200 is $1,550 more than its value as bare lands. No one would pay this premium for a losing enterprise. If it had no value independent of the orange grove, this would mean that a person purchasing both the orange grove and the lemon grove would in fact be paying $5,700 an acre for the orange grove instead of $3,500 an acre, which the testimony shows the orange grove was worth before the taking. We are unable to agree with plaintiffs' position.

The lemon grove had not been damaged in 1955 and there seemed to be little prospect that it would be thereafter. There has been no taking of a seepage easement under the lemon grove and plaintiffs are entitled to nothing on this account.

Therefore, except as to the amendment of the directions to the Commissioner on remand, as set forth above, plaintiffs' motion for rehearing will be denied.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE and MADDEN, Judges, concur.

---

[1]. 33 U.S.C.A. § 595.